(March 24, 1958)

■ In the Matter of SIMON TURK, Respondent, against ANCHOR WATER-PROOFING CORP. et al., Judgment-Debtors. ZEPHYR CONSTRUCTION COMPANY, INC., Third-Party Appellant.— Motion for reargument of motion for leave to appeal to the Appellate Division and for a stay denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ VIOLA V. OVERBEY, as Executrix of JAMES H. OVERBEY, Deceased, Respondent, v. JOSEPH F. SHEEHAN et al., Appellants, et al., Defendant. S & R MOTORS, INC., Respondent, v. VIOLA V. OVERBEY, as Executrix of JAMES H. OVERBEY, Deceased, et al., Defendants, and JOSEPH F. SHEEHAN et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ EVELYN PRAY, Individually and as Committee of MARION PRAY, an Incompetent Person, Respondent, v. JOHN H. SCHULZE, JR., et al., Appellants. — Motion to dismiss appeal granted by default, with $10 costs, and appeal dismissed. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. A. RUSSELL RICHARDS, Defendant.— Motion to inspect the minutes of the Grand Jury of the Extraordinary Trial and Special Term of the Supreme Court of Suffolk County, which returned an indictment charging defendant with perjury in the first degree, or, in the alternative, for other relief. Motion denied. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ PHILIP FABRIZIO, Respondent, v. CARL FADER et al., Copartners Doing Business under the Name of EASTERN STORE FRONT COMPANY, Appellant.— DOMINIC CARPENTIERRE, Respondent, v. CARL FADER et al., Copartners Doing Business under the Name of EASTERN STORE FRONT COMPANY, Appellant.— In a consolidated action by two motor vehicle passengers against its owner to recover damages for personal injuries, each answer contains two separate affirmative defenses alleging that section 29 of the Workmen's Compensation Law is a bar to the action because the operator of the motor vehicle was a fellow employee of the injured passengers. The appeal is from an order striking out those defenses as insufficient (Rules Civ. Prac., rule 109). Order affirmed, with $10 costs and disbursements. Not only is section 29 of the Workmen's Compensation Law insufficient to preclude recovery, but there is no allegation in the defenses that the passengers and the operator were engaged in the course of the business of their common employer at the time of the happening of the accident. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of the Claim of MARY CIAFFONE, an Infant, Respondent, et al., Claimant, against BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF CORNWALL, NEW WINDSOR AND WOODBURY et al., Appellants.— Appeal from so much of an order as granted leave, pursuant to subdivision 5 of section 50-e of the General Municipal Law, to serve a notice of claim in behalf of an injured infant. Order insofar as appealed from unanimously affirmed, with $10 costs and disbursements. The infant was seven years of age. The school authorities were promptly notified of the accident, and her teacher, an appellant herein, took her to the school office. The infant was then taken to the school doctor and to a hospital. Therefore, there was no prejudice from the failure to file a timely notice of claim. The insurance carrier for the school district communicated with the infant's father. Forty-five days after the accident, the infant's parents retained attorneys